UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 1411

------------------------------------------------------------x
MARINA FRAIBERG,

                Plaintiff,

   -against-

4KIDS ENTERTAINMENT, INC.,

                Defendant.
------------------------------------------------------------x

07 Civ.

JUDGE DANIELS

**COMPLAINT**

Trial by Jury Demanded

RECEIVED FEB 27 2007 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, Marina Fraiberg ("Plaintiff"), by her attorneys, Certilman Balin Adler & Hyman, LLP, as and for her complaint alleges as follows:

### NATURE OF ACTION

1. This action is commenced for the purpose of seeking redress for the harm done to the Plaintiff as a result of the Defendant 4Kids Entertainment, Inc.'s ("Defendant") actions in discriminating against the Plaintiff with respect to her compensation, terms, conditions and privileges of employment because of age.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(4) and 29 U.S.C. §626(c).

3. This Court has supplemental jurisdiction over the non-federal claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 in that the Plaintiff is a resident of this district.

1872763-1

## THE PARTIES

5. The Plaintiff is a female, over (40) years of age, and is a citizen of the United States and of the State of New York.

6. Defendant is a domestic corporation which, at the time of the actions complained of, maintained an office in the City of New York, State of New York.

7. In or about February, 1999, Plaintiff was hired as a billing coordinator for Defendant.

8. In 2000, Plaintiff was promoted to the position of Controller of the Summit Media Group ("Summit"), a subsidiary of Defendant.

9. In or about Fall 2002, Plaintiff was additionally appointed Controller of a new subsidiary of Defendant, 4Kids Ad Sales, while she continued her position as Controller of Summit.

10. Thus, between the fall of 2002 until March 2006, Plaintiff was Controller of two of Defendant's subsidiaries.

11. Plaintiff performed her work satisfactorily without complaint from any agent or employee of Defendant concerning the quality of her performance.

12. In or about the spring of 2003, Defendant hired Bruce Foster ("Foster") as Vice-President of Finance and Peter Bloom ("Bloom") as Director of Licensing.

13. Both Foster and Bloom began to engage in a systematic purge of certain older employees and replacing them with younger employees.

14. In or about January 2006, Defendant announced that its Chief Operating Officer/Chief Financial Officer, Joseph Garrity (then 51 years old), had unexpectedly decided to retire.

15. Thereafter, Foster was named the new Chief Financial Officer of Defendant and Bloom took over Foster's former responsibilities.

16. Between 2004 and the fall 2006, Defendant terminated numerous people in the financial department.

17. Defendant claims that these layoffs occurred because the positions were no longer required.

18. However, many of the positions were indeed filled by younger employees.

19. In or about November 2005, Foster hired Theresa Englehard as the new Controller of 4Kids Ad Sales.

20. At that time, Ms. Englehard was in her early thirties.

21. Plaintiff was instructed to train Ms. Englehard and did so until the end of March 2006.

22. Effectively, Plaintiff was the Controller of 4Kids Ad Sales until March 31, 2006.

23. In April 2006, Plaintiff was told that she would be able to retain a position with Defendant and was given a $3,000.00 bonus on April 15, 2006.

24. Between April and June 2006, four new financial positions with Defendant were created.

25. These new positions were not posted internally. Thus, existing employees were not given the opportunity to apply for those positions.

26. Many of the positions created were complementary to Plaintiff's experience and skill.

1872763-1

27. On June 19, 2006, Defendant announced that Summit would be closing on June 23, 2006.

28. June 19, 2006 was the first time Summit employees were notified of the closing.

29. At the time of the announcement, Summit had approximately 15 employees.

30. Four out of the eleven employees of Summit were offered positions within other divisions of Defendant.

31. Each of the individuals offered a position was in his or her late twenties or early thirties.

32. No employee over thirty-five years of age was offered a position with Defendant.

33. Nevertheless, Defendant agreed that if Plaintiff continued to work for Summit through the closing of the second quarter, which was to be August 10, 2006, Plaintiff would receive a severance payout of (30) weeks salary and the company would continue to pay her medical benefits for that period of time.

34. The aforementioned agreement was communicated to and agreed to by Plaintiff on June 23, 2006.

35. Thereafter, in consideration of the aforementioned agreement, Plaintiff fulfilled her obligations under the agreement and expected Defendant to grant her severance pay as of September 1, 2006.

36. However, Defendant refused to pay Plaintiff the severance pay unless and until she signed a severance agreement, which included a waiver of her claims and rights

1872763-1

under various employment laws. This waiver was not relayed to Plaintiff as part of the agreement reached on June 23, 2006.

37. Plaintiff refused to sign the waiver given that she fully intended to pursue her rights under Federal and State law, and advised Defendant of same.

38. Plaintiff believes that she was discriminated against by Defendant in violation of Federal and State law inasmuch as, among other things, virtually all of the other employees placed by Defendant in its other divisions were under forty years of age.

39. Plaintiff believes that she was discriminated against by Defendant in violation of Federal and State laws inasmuch as, among other things, she was required to train a replacement for the job of Controller of 4Kids Ad Sales by a person less than forty years of age.

40. Termination of Plaintiff by Defendant was because of Plaintiff's age, which termination constitutes a violation of 29 U.S.C. §623(a)(1) and therefore entitles Plaintiff to relief under the provisions of 29 U.S.C. §626.

41. Further, Defendant retaliated against Plaintiff in requiring her to sign a document that was not a condition when she agreed to continue her employ with Defendant through the closing of its subsidiary, Summit. By requiring Plaintiff to sign a waiver of her rights under the discrimination law, Defendant violated 29 U.S.C. §623(d) as Plaintiff was within her legal rights in pursuing her claims under Federal and State laws.

42. On September 20, 2006, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") charging the above-named Defendant with an unlawful discriminatory practice because of age relating to

employment in violation of the Age Discrimination and Employment Act of 1967, as amended.

43. More than sixty days has passed since the filing of this complaint with the EEOC.

44. The EEOC issued Plaintiff with a notice of right to sue dated January 19, 2007 (a copy of which is attached hereto as Exhibit "A").

45. The termination of Plaintiff's employment by Defendant constitutes a willful violation of 29 U.S.C. §623 and, as such, entitles Plaintiff to recover appropriate damages.

## AS AND FOR A FIRST COUNT

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "45" as if more fully set forth herein.

47. By terminating Plaintiff, Defendant engaged in discrimination against Plaintiff with respect to her compensation, terms, conditions or privileges of employment because of her age.

48. Plaintiff, as a female over 40 years of age, was within the group afforded protection by 29 U.S.C. §623.

49. Plaintiff was qualified for the appropriate positions with Defendant.

50. The termination of Plaintiff by the Defendant caused the Plaintiff to suffer adverse employment action.

51. The circumstances surrounding Plaintiff's termination demonstrate that the Plaintiff suffered adverse employment action under circumstances giving rise to an inference of age discrimination.

1872763-1

52. By engaging in the acts set forth in the preceding paragraphs, Defendant, its agents and employees, engaged in an unlawful employment practice as defined by 29 U.S.C. §623 for which Defendant is liable to Plaintiff.

53. As a result of the foregoing, Plaintiff has suffered injury and incurred damages, including lost wages because of the denial of career opportunities arising from her employment with the Defendant, and has also suffered embarrassment, humiliation and mental and emotional distress as a consequence of Defendant's actions.

## AS AND FOR A SECOND COUNT

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" as if more fully set forth herein.

55. By terminating Plaintiff, Defendant engaged in discrimination against the Plaintiff with respect to her compensation or in terms, conditions or privileges of employment because of her age.

56. Plaintiff, as a female over 40 years of age, was within the group afforded protection under New York law.

57. Plaintiff was qualified for the appropriate position with Defendant.

58. The termination of Plaintiff by the Defendant caused the Plaintiff to suffer adverse employment action.

59. The circumstances surrounding Plaintiff's termination demonstrate that the Plaintiff suffered adverse employment action under circumstances giving rise to an inference of age discrimination.

60. By engaging in the acts set forth in the preceding paragraphs, Defendant, its agents and employees, engaged in an unlawful discriminatory practice as defined by New York Executive Law §296(1)(a) for which Defendant is liable to Plaintiff.

61. As a result of the foregoing, Plaintiff has suffered injury and incurred damages, including lost wages because of the denial of career opportunities arising from her employment with the Defendant, and has also suffered embarrassment, humiliation and mental and emotional distress as a consequence of Defendant's actions.

## AS AND FOR A THIRD COUNT

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "61" as if more fully set forth herein.

63. By terminating Plaintiff, Defendant engaged in discrimination against the Plaintiff with respect to her compensation, terms, conditions or privileges of employment because of her age.

64. Plaintiff was acting within her legal rights when she refused to sign a waiver purported by Defendant relinquishing her rights to pursue her discrimination claims.

65. Defendant's conduct in requiring Plaintiff to execute the waiver in order to receive the severance pay she was promised constitutes retaliation in violation of Federal law.

66. By engaging in the acts set forth in the preceding paragraphs, Defendant, its agents and employees, engaged in an unlawful employment practice as defined by 29 U.S.C. §623 for which Defendant is liable to Plaintiff.

67. As a result of the foregoing, Plaintiff has suffered injury and incurred damages, including lost wages because of the denial of career opportunities arising from her employment with the Defendant, and has also suffered embarrassment, humiliation and mental and emotional distress as a consequence of Defendant's actions.

## AS AND FOR A FOURTH COUNT

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "67" as if more fully set forth herein.

69. By terminating Plaintiff, Defendant engaged in discrimination against the Plaintiff with respect to her compensation or in terms, conditions or privileges of employment because of her age.

70. Plaintiff was acting within her legal rights when she refused to sign a waiver purported by Defendant relinquishing her rights to pursue her discrimination claims.

71. Defendant's conduct in requiring Plaintiff to executed said waiver in order to receive the severance pay she was promised constitutes retaliation in violation of State law.

72. By engaging in the acts set forth in the preceding paragraphs, Defendant, its agents and employees, engaged in an unlawful employment practice as defined by New York Executive Law §296 for which Defendant is liable to Plaintiff.

73. As a result of the foregoing, Plaintiff has suffered injury and incurred damages, including lost wages because of the denial of career opportunities arising from her employment with the Defendant, and has also suffered embarrassment, humiliation and mental and emotional distress as a consequence of Defendant's actions.

1872763-1

**WHEREFORE**, Plaintiff demands judgment as follows:

1. That Defendant be permanently enjoined from discriminating against Plaintiff in any manner prohibited by The Age Discrimination in Employment Act, 29 U.S.C. §§621, et seq. and/or New York Executive Law §296.

2. That Defendant be ordered to hire Plaintiff into a position identical to or substantially similar to the one he would have occupied before the complained of discrimination, with full salary, seniority, and benefits, retroactive to the date the Plaintiff would have become employed in said position, but for the discrimination complained of.

3. That the Defendant be permanently enjoined from retaliating against Plaintiff on the basis of his having commenced proceedings seeking redress for violations of the Age Discrimination in Employment Act, 29 U.S.C. §621, et seq. and the New York Executive Law.

4. That the Defendant be ordered to compensate, reimburse and make whole the Plaintiff for all the benefits Plaintiff would have received but for the discriminatory acts of the Defendant, including but not limited to back pay, benefits, training, promotions, front pay and seniority.

5. That the Defendant be ordered to pay to Plaintiff compensatory damages for the pain, suffering, humiliation, and emotional and physical distress caused by Defendant's unlawful treatment.

6. That the Defendant be ordered to pay to Plaintiff punitive damages in an amount deemed appropriate by the Court, to punish Defendant for its willful and malicious misconduct and as may be deemed by the Court to be necessary to deter Defendant from engaging in such misconduct in the future.

1872763-1

7. Such additional, equitable and legal relief as the Court may deem just and proper.

8. The costs and expenses of this action; and

9. Reasonable attorneys fees as provided for in 29 U.S.C. §626(b).

Dated: East Meadow, New York
February 22, 2007

                                      CERTILMAN BALIN ADLER & HYMAN, LLP

                                      By: _____
                                          DOUGLAS E. ROWE, ESQ. (DER 6261)
                                          Attorneys for Plaintiff
                                          90 Merrick Avenue
                                          East Meadow, New York 11554
                                          (516) 296-7000

**EXHIBIT A**

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Marina Fraiberg<br>20-43 149 Street<br>Whitestone, NY 11357 | From: | New York District Office - 520<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2006-03917 | Sean J. Oliveira, Investigator | (212) 336-3760 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____  1-19-2007
Spencer H. Lewis, Jr.,              (Date Mailed)
Director

Enclosures(s)

cc:  **4KIDS ENTERTAINMENT LICENSING, INC.**
     1414 Avenue Of The Americas
     New York, NY 10019

     Israel E. Kornstein, Esq.
     Akerman Senterfitt, LLP
     335 Madison Ave., Suite 2600
     New York, NY 10017

     Douglas E. Rowe, Esq.
     Certilman Balin Adler & Hyman LLP
     90 Merrick Avenue, 9th Floor
     East Meadow, NY 11554

Enclosure with EEOC
Form 161-B (3/98)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit <u>before 7/1/02</u> -- not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*